# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.      08-CR-0108-001-CVE** |
| **v.** | ) | |
| | ) | **USM Number: 10420-062** |
| **CYNTHIA MICHELLE ODOM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER
## <u>CLARIFYING SENTENCE</u>

Before the Court is defendant's motion to clarify criminal monetary penalty (Dkt. # 39).  In November 2008 defendant was sentenced to an aggregate imprisonment term of 102 months following her plea of guilty to twenty counts involving identity theft, false statement to a financial institution, and false claims against the United States.  The Court imposed $2,000 in special assessments and ordered restitution to several victims totaling $128,012.26.  As part of the order on how and when the special assessments and restitution are to be paid, the Court ordered defendant to pay ". . . the greater of $25 or 50% of the income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program."  <u>See</u> Dkt. # 37, at 7.  Defendant moves for clarification of the judgment, claiming the Bureau of Prisons (BOP) has misread the Court's order by requiring her to make payment toward her criminal debt from monies received from family and friends.  She asks for clarification of the term "income," which she believes should expressly exclude non-institutional sources, such as monies received from a community source.  The Court offers the following clarification.

The purpose of the Inmate Financial Responsibility Program (IFRP) is to encourage inmates to develop a plan to meet various financial obligations, including orders to pay restitution and fees.

Program policies provide for an inmate savings account appropriately designed to meet institutional needs, while at the same time executing on a defendant's obligation to pay a criminal monetary penalty. The program requires inmates to commit a percentage of their prison employment earnings and other sources of income toward the repayment of court-ordered monetary penalties. As set out in BOP Policy Statement PS380.08(b), "[p]ayments may be made from institution resources or non-institution (community) resources"; see also 28 C.F.R. § 545.11(b). In United States v. Lowe, No. 06-5021, 220 Fed.Appx. 831, 833 (10th Cir. 2007), the Circuit upheld the Bureau's authority to consider all sources of income, to include community-based sources, when reaching a payment plan. See also United States v. Coleman, No. 07-5162, 276 Fed.Appx. 766, 768 (10th Cir. 2008)(held that payments made through the IFRP may be made from institution resources or non-institution (community) resources); McGhee v. Clark, 166 F.3d 884, 887 (7th Cir.1999)("The unit team's unilateral decisions to accelerate [the petitioner's] payments and to count as available resources funds that [he] obtained from outside sources are both expressly permitted by IFRP regulations."). Participation in the IFRP is not mandatory but entitles inmates to certain benefits. Non-participation in the program can lead to the loss of privileges, including limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. See id. PS380.08(d); § 545.11(d). The BOP may consider non-institutional or community-based income when computing an inmate's ability to pay his or her debt. Defendant has a choice. She may decline to participate in the IFRP thereby retaining a greater share of monies sent to her by family and friends, but, pursuant to BOP policy, suffer the effects of non-participation. Or she can participate in the program, pay down a greater portion of her debt, retain half of the monies sent her from the outside, and enjoy the various privileges and benefits offered to IFRP participants.

Subsequent to defendant's sentencing, this district revised its fine and restitution payment schedule pursuant to <u>United States v. Boyd</u>, 608 F.3d 331, 335 (7th Cir. 2010), which found that the Inmate Financial Responsibility Program (IFRP) is a voluntary program and that a district court does not have the authority to order a defendant's participation. The language in the instant fine payment schedule is nearly identical to that found to be offensive in <u>Boyd</u>. The remedy is to modify the judgment to clarify that defendant's participation in the IFRP is voluntary. Although the Tenth Circuit Court of Appeals has not addressed this issue, in the abundance of caution the judgment will be modified to make clear the Court's original intent that the payment schedule does not require participation in the IFRP.

If defendant participates in the IFRP the BOP may consider monies from both institutional and non-institutional sources, to include funds received from family and friends. Pursuant to 18 U.S.C. § 3572(d)(3), the judgment is amended to clarify that defendant's participation in the IFRP is voluntary.

**IT IS THEREFORE ORDERED** that the motion (Dkt. # 39) is **granted in part and denied in part**. The judgment payment schedule is modified, to wit:

> Any monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

**IT IS SO ORDERED** this 8th day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3